IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-75,911




IN RE DAVID SCHULMAN




ON APPLICATION FOR WRIT OF MANDAMUS
IN CAUSE N0. 07-07-0066-CR FROM THE
SEVENTH COURT OF APPEALS 
WILLIAMSON COUNTY

 
 
           Cochran, J., delivered the opinion of the unanimous Court.
 
OPINION 
 
           Mr. David Schulman, the appointed appellate attorney for Marlyn Solanas, filed an
application for a writ of mandamus with this Court claiming that the Seventh Court of
Appeals violated a ministerial duty when it ordered him to file a motion to withdraw as
counsel along with his Anders


 brief. That brief concludes, as all Anders briefs conclude,
that his client’s appeal is “frivolous,” but Mr. Schulman argues that, while counsel for the
defense may file an Anders brief, he is not obligated to simultaneously file a motion to
withdraw from representation. This is backwards. Under both Supreme Court and Texas
precedent, when counsel files a motion to withdraw because he believes the appeal is
frivolous, he may simultaneously file an Anders brief. An Anders brief may not be filed
without a motion to withdraw, as the sole purpose of an Anders brief is to explain and
support the motion to withdraw. The court of appeals did not err, much less violate a
ministerial duty. We therefore deny relief on this application for a writ of mandamus.
I.
           Pursuant to a plea bargain, Marlyn Solanas pled guilty to intoxication manslaughter
in Williamson County. She was sentenced to ten years’ confinement and a $2,500 fine, but
the trial court placed her on community supervision. Over a year later, the State filed a
motion to revoke, alleging that she had violated terms of her community supervision. Ms.
Solanas pled “True” to the State’s allegations, and the trial judge revoked her community
supervision and sentenced her to ten years’ imprisonment. 
           Ms. Solanas filed a timely notice of appeal and Relator, Mr. David Schulman, was
appointed to represent her. The appeal was transferred to the Seventh Court of Appeals in
Amarillo. On May 8, 2007, Mr. Schulman filed an Anders brief with the court of appeals and
mailed a copy of this brief to Ms. Solanas, informing her of his actions and of her right to
review the record of the proceedings and submit a pro se brief if she so desired. 
           Mr. Schulman did not simultaneously file a motion to withdraw as counsel with the
court of appeals, although the clerk of the court informed him that he was required to do so. 
Instead, he filed a document entitled “Response to Clerk’s Instructions Regarding Motion
to Withdraw.” He explained that, under Article 26.04(j)(2) of the Code of Criminal
Procedure, he was required to “represent the defendant until charges are dismissed, the
defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties by the
court or replaced by other counsel after a finding of good cause is entered on the record.”


 
Mr. Schulman also stated that he was required to inform his client of her right to file a pro
se petition for discretionary review to this Court even though he filed an Anders brief.


 He
noted that prior cases also implied that he must continue to answer questions posed by his
client that “are reasonably related to this case and/or the procedures to be followed in seeking
further review.” Mr. Schulman argued that, from a moral standpoint, “his duty to assist [his
client] is not and cannot be extinguished by the filing of an Anders brief.”


 Finally, Mr.
Schulman lamented that “the procedures used in the various Courts of Appeals regarding this
issue are wholly inconsistent. Some courts of appeals require counsel to file a motion to
withdraw, some take no position, others do not require counsel to withdraw.” He requested
that the Seventh Court of Appeals abandon its “policy” of requiring an attorney who files an
Anders brief to simultaneously file a motion to withdraw as counsel. 
           After receiving Mr. Schulman’s response, the court of appeals entered an order
requesting him to reconsider his refusal to file a motion to withdraw and afforded him
additional time to do so.


 The court noted that Mr. Schulman’s response was “very
principled,” but his “insistence on his duty to represent Appellant after the filing of an
Anders brief is misplaced and is, in fact, an impediment to this Court’s role in reviewing an
Anders appeal.”


 Instead of complying with the court’s order, Mr. Schulman filed an
application for writ of mandamus and/or prohibition with this Court. We entered an order
granting Mr. Schulman’s motion to stay the proceedings and affording the court of appeals
an opportunity to respond. The Office of the Attorney General of Texas filed a response on
behalf of the court of appeals. We filed and set this matter for consideration.
II.
           A criminal defense attorney’s duty is to zealously represent the interests of his client
on appeal.


 If the appointed attorney finds the “case to be wholly frivolous, after a
conscientious examination of it, he should so advise the court and request permission to
withdraw.”


 It is the motion to withdraw that is required in this situation. The so-called
“Anders” brief accompanies the motion to withdraw as an assurance to the appellate court
that the attorney has indeed made a thorough and conscientious examination of the record,
has provided the appellate court with the appropriate facts of the case and its procedural
history, and has pointed out any potentially plausible points of error.


 In Anders, the
Supreme Court held that the appellate attorney could not fulfill his obligation to represent his
client by filing a letter merely stating that he has concluded that the appeal is frivolous.


 
Such a “no-merit letter,” setting out nothing more than a “bare conclusion,” is not enough
to assure the appellate courts that the attorney has made a thorough review of the record and
the applicable law, but has nonetheless concluded that there is no plausible basis for appeal.



           The attorney’s duty to withdraw is based upon his professional and ethical
responsibilities as an officer of the court not to burden the judicial system with false claims,
frivolous pleadings, or burdensome time demands. The Supreme Court has stated,
Neither paid nor appointed counsel may deliberately mislead the court with
respect to either the facts or the law, or consume the time and the energies of
the court or the opposing party by advancing frivolous arguments. An
attorney, whether appointed or paid, is therefore under an ethical obligation to
refuse to prosecute a frivolous appeal.



           Counsel’s obligation to his client is to seek leave to withdraw as counsel. His
obligation to the appellate courts is to assure them, through the mechanism of an Anders
brief, that, after thorough investigation and research, his request is well founded.


 
           The Anders brief reflects the fact that the appointed attorney has adequately
researched the case before requesting to withdraw from further representation. It also sets
out the attorney’s due diligence investigation on behalf of his client. It has an additional use
for the appellate courts: it provides them with a roadmap for their review of the record
because the court itself must be assured that the attorney has made a legally correct
determination that the appeal is frivolous.


 It has an additional use for the defendant: it
provides him with appropriate citations to the record if he wishes to exercise his right to file
a pro se brief.


 And it has an additional use for the appointed attorney: it protects him
“from the constantly increasing charge that he was ineffective and had not handled the case
with that diligence to which an indigent defendant is entitled.”


 Despite its helpfulness to
all concerned, the Anders brief is only the proverbial “tail”; the motion to withdraw is “the
dog.”


 
           Of course, the Anders procedure is not constitutional dogma. It is “merely one method
of satisfying the requirements of the Constitution for indigent criminal appeals.”


 Texas is
free to adopt other procedures as long as they meet federal constitutional requirements.


 
Although Texas may choose to adopt a different mechanism for dealing with frivolous
appeals, it has thus far followed the Anders procedure.


 
 
           Although the defense attorney is required to file a motion to withdraw at the same time
that he files an Anders brief, the court of appeals will not grant that motion until: 
           (1)      the attorney has sent a copy of his Anders brief to his client along with a letter
explaining that the defendant has the right to file a pro se brief within thirty
days, and he has ensured that his client has, at some point, been informed of
his right to file a pro se PDR;


 
           (2)      the attorney has informed the court of appeals that he has performed the above
duties;


 
           (3)      the defendant has had time in which to file a pro se response;


 and 
           (4)      the court of appeals has itself reviewed the record, the Anders brief, and any
pro se brief.


 
After the completion of these four steps, the court of appeals will either agree that the appeal
is wholly frivolous, grant the attorney’s motion to withdraw, and dismiss the appeal, or it will
determine that there may be plausible grounds for appeal.


 If the court of appeals decides
that there are any colorable claims for appeal, it will: (1) grant the original attorney’s motion
to withdraw; and (2) abate the case and send it back to the trial court to appoint a new
attorney with directions to file a merits brief.



III.
           This particular procedure, though not required by the federal constitution,


 seems to
work relatively well in Texas. We see no reason to change it at this time. And under this
procedure, the Seventh Court of Appeals appropriately ordered the Relator, Mr. Schulman,
to file a motion to withdraw as a condition precedent to filing his Anders brief. 
           The Relator, in his application for a writ of mandamus, argues that he should not be
required to file a motion to withdraw because he still had “legal and moral duties to his
client.”


 He argues that the discussion in Anders concerning the requirement that an
appointed attorney who finds that any appeal would be frivolous must file a motion to
withdraw was “obiter dicta, having no import to the core holding of the case.”


 We are
unable to find any authority from any jurisdiction for the proposition that the Supreme
Court’s discussion of the requirement that counsel file a motion to withdraw is mere obiter
dicta. Instead, in Smith v. Robbins, the Supreme Court drew back from the proposition that
the “Anders brief” procedure was a constitutional requirement. It concluded that “[t]he
procedure we sketched in Anders is a prophylactic one; the States are free to adopt different
procedures, so long as those procedures adequately safeguard a defendant’s right to appellate
counsel.”


 
           The Relator correctly notes that there is a need for uniform procedures for those cases
in which an Anders brief is filed, especially as the Texas Rules of Appellate Procedure do
not provide any explicit guidance. The Anders procedure is simply one judicially created,
prophylactic means that the Supreme Court suggested to safeguard a defendant’s
constitutional right to appellate counsel.


 The Texas Legislature is free to adopt other means 
should it so chose, and the courts of Texas could implement an alternate procedure should
it prove more beneficial and appropriate. But in the meantime, we will continue to adhere
to the original rationale and procedural guidelines set out in Anders.
           Relator and some courts of appeals may share in some confusion concerning the
distinction between the filing of a motion to withdraw and the granting of that motion. 
Under the Anders procedure, the motion to withdraw will not be granted until the appellate
court decides whether the appeal is, in fact, wholly frivolous, or whether there are any
arguable claims of merit.


 In either event, the motion to withdraw will then be granted and
either the appeal will be dismissed or the case abated to the trial court for appointment of
new counsel. Counsel’s duties to his client are not extinguished until that time. Until his
Anders motion to withdraw is granted, counsel represents his client, must send his client a
copy of the Anders brief, must inform him of his right to file a pro se response, must respond
to his client’s questions, must send him a copy of the decision by the court of appeals,


 must
ensure that his client has been informed of his right to file a pro se PDR,


 and so forth.


 But
the court of appeals cannot proceed in an orderly way in the Anders situation until and unless
counsel has filed a motion to withdraw. 
           Because the Seventh Court of Appeals was correct in its Order that Mr. Schulman
must file a motion to withdraw before that court can proceed further in this appeal, we deny
mandamus relief.
 
Delivered: April 30, 2008
Publish